IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:16-CR-479-N |
| CARLOS LUIS VENEGAS (01) | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The government submits these proposed jury instructions. All instructions are from the Fifth Circuit Pattern Criminal Jury Instructions (2015 ed.), unless otherwise noted. The government respectfully requests that it be granted leave to modify these instructions or propose additional instructions as may be necessary prior to or during trial.

Dated: January 18, 2019

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on January 18, 2019, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court. The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

*/s/ J. Nicholas Bunch*

J. NICHOLAS BUNCH
Assistant United States Attorney

**1.01**
**PRELIMINARY INSTRUCTIONS**

**Members of the Jury**:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

**Duty of the jury**:

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**Evidence**:

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled,

treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.　　　Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.　　　Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**<u>Rules for criminal cases</u>**:

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty.  The indictment brought by the government against the defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

Second: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

**Summary of applicable law**:

In this case, the defendant, Carlos Luis Venegas, is charged with conspiracy to distribute a controlled substance, in violation of federal law.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.

The elements of Count One, conspiracy to distribute a controlled substance, are:

*First:* That two or more persons, directly or indirectly, reached an agreement to distribute or dispense hydrocodone, a controlled substance, outside the scope of professional practice and without a legitimate medical purpose;

*Second:* That the defendant knew of the unlawful purpose of the agreement; and

*Third:* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

**Conduct of the jury**:

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this

courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**<u>Course of the trial</u>**:

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, each defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

**1.02**
**NOTE-TAKING BY JURORS**
**ALTERNATIVE B**

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**1.03**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**1.04**
**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**1.05**
**PRESUMPTION OF INNOCENCE,**
**BURDEN OF PROOF, REASONABLE DOUBT**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require the defendant to prove his innocence or produce any evidence at all **[and no inference whatever may be drawn from the election of a defendant not to testify]**.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## 1.06
## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in

arriving at your own verdict.

**1.07**
**EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL**
**ALTERNATIVE B**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of a defendant beyond a reasonable doubt before you can find him or her guilty.

**1.08**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of a defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses **[including the defendant]** who testifies in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

**[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**1.15**
**ACCOMPLICE-CO-DEFENDANT-PLEA AGREEMENT**

In this case the government called several witnesses, Christian Michael Hicks,

Craig Zahn, Leslie Ray Rodriguez, Nateshia Renee Young Ware, and Ronald P.

Cunningham, who are alleged accomplices and named as codefendants in the indictment

and with whom the government has entered into plea agreements.[1]

Such plea bargaining, as it is called, has been approved as lawful and proper, and

is expressly provided for in the rules of this court. An alleged accomplice, including one

who has entered into a plea agreement with the government, is not prohibited from

testifying. On the contrary, the testimony of such a witness may alone be of sufficient

weight to sustain a verdict of guilty. You should keep in mind that such testimony is

always to be received with caution and weighed with great care. You should never

convict a defendant upon the unsupported testimony of an alleged accomplice unless you

believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is

not evidence of the guilt of any other person.

---

[1]    The government removed the sentence from the pattern instruction that describes the nature of the plea agreement. With respect to defendants Hicks and Cunningham, each individual pled guilty to Count One of the indictment under 21 U.S.C. § 841(b)(1)(C), a twenty-year offense. With respect to defendants Zahn, Rodriguez, and Ware, each individual pled guilty to Count One of the indictment under 21 U.S.C. § 841(b)(1)(E), a ten year offense. Although each individual pled to the conspiracy, the conspiracy alleged in the indictment covers a time period in which hydrocodone was a Schedule III controlled substance (and thus subject to the ten-year maximum penalty in § 841(b)(1)(E)) and a Schedule II controlled substance (and thus subject to the twenty-year maximum penalty in § 841(b)(1)(C).

**1.17**
**EXPERT TESTIMONY**

During the trial you heard the testimony of Dr. Graves Owen, MD, who expressed opinions concerning the practice of medicine, specifically relating to the practice of pain management, the standard of care and appropriate treatments for pain management patients, conduct outside the scope of professional practice, and prescriptions issued without a legitimate medical purpose. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**1.18**
**ON OR ABOUT**

You will note that the indictment charges that the offense was committed on or about specified dates or ranges of dates. The government does not have to prove that the crime was committed on an exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the indictment.

**1.19**
**CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**1.20**
**CAUTION—PUNISHMENT**

If the defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not

enter your consideration or discussion.

**1.30**
**SIMILAR ACTS**

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if a defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that a defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether that defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether that defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether that defendant acted according to a plan or in preparation for commission of a crime;

or

Whether that defendant committed the acts for which he or she is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

**1.37**
**"KNOWINGLY"—TO ACT**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**1.37A**
**DELIBERATE IGNORANCE**

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

**1.43**
**SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

**1.44**
**SUMMARIES AND CHARTS RECEIVED IN EVIDENCE**

Certain charts and summaries have been received into evidence.  You should give them only such weight as you think they deserve.

# COUNT ONE

## CONSPIRACY TO DISTRIBUTE AND DISPENSE
## A CONTROLLED SUBSTANCE

### (Violation of 21 U.S.C. § 846)

Count One of the indictment charges Carlos Luis Venegas with conspiracy to distribute and dispense a controlled substance, in violation of 21 U.S.C. § 846. Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant is charged with conspiring to distribute and dispense hydrocodone, a Schedule II or Schedule III controlled substance, outside the scope of professional practice and not with a legitimate medical purpose.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First:* | That two or more persons, directly or indirectly, reached an agreement to distribute or dispense hydrocodone, a controlled substance, outside the scope of professional practice and without a legitimate medical purpose; |
| *Second:* | That the defendant knew of the unlawful purpose of the agreement; and |
| *Third:* | That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose. |

Hydrocodone is a controlled substance within the meaning of the law.

The Federal Controlled Substances Act, Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly or intentionally dispense or distribute a controlled substance without lawful authority. However, under the Controlled Substances Act, a medical doctor or physician's assistant, properly licensed and registered, may lawfully dispense controlled substances by issuing prescriptions for a legitimate medical purpose of the doctor is acting within the usual course of professional practice.

The phrase "usual course of professional practice" means acting in accordance with a standard of medical practice generally recognized and accepted in the United States.

Federal law further provides that an order seeming to be a prescription issued not in the usual course of professional practice is not a lawful prescription within the meaning of the Controlled Substances Act. A person issuing such an order shall be subject to the penalties provided for violations of the Controlled Substances Act. Thus, responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner.

The term "dispense" means to deliver a controlled substance by, or pursuant to the lawful order of, a practitioner, including the prescribing of the controlled substance for such delivery.

The term "distribute" is broader in scope than the term "sale," and means to deliver, other than by administering or dispensing.

"Practitioner" means a physician or physician's assistant licensed or registered to distribute or dispense a controlled substance in the usual course of professional practice.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government alleges that the members of the conspiracy included the following other indicted persons: John Christopher Ware, Stanley James, Jr., Craig Zahn, Leslie Ray Rodriguez, Kevin Alejandro Gonzalez, Christan Michael Hicks, a.k.a. "Big Chris," Nateshia Renee Young Ware, William John Bryan, Ronald P. Cunningham, II, Donald Ray Broussard, Tamika Anjetti Ware, Clarence Davis, Jr., a.k.a. "Red," Frankie Lee Ross, Gary Whitehead, and Shana Jackson.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and

may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## 1.24
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

**[Explain verdict form.]**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the

conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:16-CR-479-N

CARLOS LUIS VENEGAS

## VERDICT OF THE JURY

**Count One        Conspiracy to Distribute and Dispense a Controlled Substance**


We, the jury, find the defendant: _____
                                          "guilty" or "not guilty"



_____
Presiding Juror