

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim. Action No. 3:16-CR-479-N |
| | § | |
| CARLOS LUIS VENEGAS | § | |

# COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute

COURT'S CHARGE – PAGE 1

or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. A defendant begins with a clean slate. The law does not require a defendant to prove his or her innocence or produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight or importance to be given the witness's testimony. An important part of your job will

be making judgments about the testimony of the witnesses, including the defendant, who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## ACCOMPLICE—CO-DEFENDANT
## PLEA AGREEMENT

In this case the government called witnesses who are alleged accomplices, named as co-defendants in the indictment, with whom the government has entered into a plea agreement. These agreements provide for the government to recommend a reduced sentence if the government determines that the witness's testimony substantially assisted the government's prosecution of the defendant. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## OPINION TESTIMONY

During the trial you heard the testimony of one witness who expressed opinions concerning specialized matters. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that a crime was committed on an exact date, so long as the government proves beyond a reasonable doubt that the defendant in question committed the crime on a date reasonably near the date stated in the indictment.

## CAUTION — CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a

verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION – PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## "KNOWINGLY" – TO ACT

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident by the defendant.

## DELIBERATE IGNORANCE

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

## TRANSCRIPT

Certain exhibits have been identified as typewritten transcripts of the oral conversation which can be heard on recordings received in evidence. The transcripts also purports to identify the speakers engaged in such conversation.

COURT'S CHARGE – PAGE 8

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether a transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the recording that is evidence, not the transcripts.

### SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

### SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

## COUNT ONE
## CONSPIRACY TO DISTRIBUTE AND
## DISPENSE A CONTROLLED SUBSTANCE
## 21 U.S.C. § 846

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant is charged with conspiring to possess with intent to distribute hydrocodone, a Schedule II or Schedule III controlled substance, outside the scope of professional practice and not with a legitimate medical purpose.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That two or more persons, directly or indirectly, reached an agreement to distribute or dispense a controlled substance outside the scope of professional practice and without a legitimate medical purpose;

Second: That the defendant knew of the unlawful purpose of the agreement; and

Third: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Hydrocodone is a controlled substance within the meaning of the law.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

The Federal Controlled Substances Act, Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly or intentionally dispense or distribute a controlled substance without lawful authority. However, under the Controlled Substances

Act, a medical doctor or physician's assistant, properly licensed and registered, may lawfully dispense controlled substances by issuing prescriptions for a legitimate medical purpose if the doctor is acting within the usual course of professional practice.

The phrase "usual course of professional practice" means acting in accordance with a standard of medical practice generally recognized and accepted in the United States. This is an objective standard that considers what is generally recognized in the medical profession, not what an individual practitioner subjectively believes the standard should be.

A controlled substance is prescribed by a physician in the usual course of professional practice, and therefore lawfully, if the substance is prescribed by him in good faith, medically treating a patient in accordance with a standard of medical practice generally recognized and accepted in the United States. "Good faith" in this context means an honest effort to prescribe for a patient's condition in accordance with the standards of medical practice generally recognized or accepted in this country.

Federal law further provides that an order seeming to be a prescription issued not in the usual course of professional practice is not a lawful prescription within the meaning of the Controlled Substances Act. A person issuing such an order shall be subject to the penalties provided for violations of the Controlled Substances Act. Thus, responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner.

The term "dispense" means to deliver a controlled substance by, or pursuant to the lawful order of, a practitioner, including the prescribing of the controlled substance for such

delivery. The term "distribute" is broader in scope than the term "sale," and means to deliver, other than by administering or dispensing.

"Practitioner" means a physician or physician's assistant licensed or registered to distribute or dispense a controlled substance in the usual course of professional practice.

## DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, the exhibits will be available to you during your deliberations.

Remember at all times, you are judges – judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The presiding juror will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your deliberations, any juror may write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to me, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Signed this the 1st day of February, 2019.

*/s/ David C. Godbey*
David C. Godbey
United States District Judge

COURT'S CHARGE – PAGE 15